**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| CHAMBERS OF<br>JOSE L. LINARES<br>JUDGE | MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

**LETTER OPINION**

November 16, 2010

All Counsel of Record

    Re:    <u>Praetorian Specialty Insurance Co. v. She-Kev, Inc., et al.</u>
            Civil Action No.: 10-1949 (JLL)

Dear Counsel:

    This matter comes before the Court by way of Plaintiff's motion for judgment on the pleadings [Docket Entry No. 26]. The Court is in receipt of the papers submitted in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, the Court will exercise its discretion granted under the Declaratory Judgment Act and decline jurisdiction over Plaintiff's declaratory judgment complaint. In lieu of dismissing the Complaint, the Court will stay the action and administratively close the matter without prejudice to either party moving to reopen the matter following a ruling by the state court.

**I.**    **Factual History**

    The relevant facts are not in dispute. Henry Kent filed an action against Smiles II Restaurant in the Superior Court of New Jersey, Law Division, Morris County, in late 2009, alleging negligent security, gross negligence and negligent service of alcohol arising out of an incident which took place on July 2, 2007 on the premises of Smiles II Restaurant. Kent's complaint alleges that he was stabbed in the sternum with a knife by Joseph Green in the parking lot of Smiles II Restaurant and that such incident would not have occurred but for the negligence of Smiles II Restaurant in their failure to provide adequate security and a safe premises. Smiles II Restaurant subsequently gave notice of the claim to its insurance company, Praetorian Specialty Insurance Co., which is not a party to the state court litigation.

    On April 14, 2010, Praetorian filed a declaratory judgment action against She'Kev, Inc. and Kev-She Realty Associates and Ltd Partnership d/b/a Smiles II Restaurant, Henry Kent and Joseph

Green in this court pursuant to 28 U.S.C. §§ 2201. The relief sought by Plaintiff, Praetorian Specialty Insurance, is an order from this Court declaring that "Plaintiff has no duty under policy no. S0001-PK-0080475 to defend and/or pay defense costs to or on behalf of Defendants She-Kev Inc., and Kev-She Realty Associates and LTD Parnership d/b/a Smiles [II Restaurant] inconnection with the Underlying Lawsuit pending in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-243-09." (Am. Compl. at 16). This Court's jurisdiction over Plaintiff's declaratory judgment Complaint is premised on diversity of citizenship, 28 U.S.C. § 1332(a)(1).

On October 20, 2010, Plaintiff filed a motion for judgment on the pleadings. Defendants have opposed Plaintiff's motion on various grounds. The Court has carefully considered the parties' respective positions and, based on the reasons that follow, finds it appropriate to decline to exercise jurisdiction over this matter.

**II.    Discussion**

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances. This statute provides that a court 'may declare the rights . . . of any interested party,' and contemplates that district courts will exercise discretion in determining whether to entertain such actions." State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (internal citations omitted). The Act has been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (internal quotations omitted). In this regard, the Supreme Court has explained:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction. . . . Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-495 (1942).

In Summy, the Third Circuit laid out several factors that district courts should consider when deciding whether to hear declaratory judgment actions specifically involving insurance coverage issues including, but not limited to, avoidance of duplicative litigation. Summy, 234 F.3d 131, 134 (3d Cir. 2000). In addition to these factors, the Court repeatedly emphasized that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id. at 135. See, e.g., id. ("These precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled."); id. ("Consequently, it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions

of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system.").

In support of its motion, Plaintiff urges the Court to interpret the "assault and battery" exclusion contained in the liquor liability policy at issue and to find that, based upon such an exclusion, Plaintiff owes no duty to defend Smiles II Restaurant as against Kent's claims in state court. In particular, Plaintiff maintains that "[a]ll of the claims in the Underlying Lawsuit arise out of, result from and/or are in some way connected with an alleged "battery" as that term is defined in the Policy" inasmuch as all claims asserted are "dependent upon a 'battery' having occurred." (Pl. Br. at 10, 11). Thus, although Kent's state law claims sound in negligence (including dram shop liability), Plaintiff urges the Court to construe such claims as falling within the scope of the "assault and battery exclusion" of the liquor liability policy at issue based upon the theory that the negligence alleged resulted in an assault and battery. (Pl. Br. at 16).

Plaintiff admits, however, that there is "no reported New Jersey opinion [which] directly addresses the application of an assault and battery exclusion, endorsed to a liquor liability policy, to a dram shop claim." (Pl. Br. at 15). Instead, Plaintiff urges the Court to rely on decisions by state courts in other jurisdictions in order to grant the declaratory relief requested. As previously discussed, the Third Circuit has cautioned that "district courts . . . do not establish state law." Summy, 234 F.3d at 135. Thus, "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id. at 135.

Moreover, the Court notes that Plaintiff's declaratory judgment action is limited purely to issues of state law;[1] thus, no federal interests are promoted by deciding this state law claim in this Court. The Third Circuit has made clear that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136 (internal citations omitted). In short, decisions in declaratory judgment actions must yield to "considerations of practicality and wise judicial administration." Id. Such considerations, in the context of this particular case, persuade the Court to exercise its discretion to decline jurisdiction over Plaintiff's declaratory judgment complaint. See, e.g., Empire Fire & Marine Ins. Co. v. Bennett, No. 05-4097, 2006 WL 932176 (D.N.J. April 10, 2006) (declining to exercise jurisdiction over declaratory judgment action involving insurance coverage issues where state law was unsettled); see generally Summy, 234 F.3d at 136 (reversing district court's decision on the merits of a declaratory judgment action and noting that ""[w]e appreciate the efforts of the able and conscientious district judge in this case to expedite the disposition of litigation assigned to him, but as we have mentioned, other overriding considerations come into play.").

---

[1] See, e.g., Summy, 234 F.3d at 134 ("District Court did not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues included federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding.").

**III.     Conclusion**

       Based on the reasons set forth above, the Court will exercise its discretion granted under the Declaratory Judgment Act and decline to exercise its jurisdiction over Plaintiff's declaratory judgment complaint. Accordingly, this matter will be stayed and administratively closed without prejudice to either party moving to reopen the case following a ruling by the state court. Plaintiff's motion for judgment on the pleadings is likewise administratively terminated. An appropriate Order accompanies this Letter Opinion.

                                               /s/ Jose L. Linares
                                               United States District Judge